IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN F. CORTEZ,**

  **Petitioner,**

  v.

**WARDEN, CHILLICOTHE**
**CORRECTIONAL INSTITUTION,**

  **Respondent.**

    **CASE NO. 2:16-CV-997**

    **JUDGE ALGENON L. MARBLEY**
    **MAGISTRATE JUDGE KEMP**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d).

### I. Facts and Procedural History

The important facts of this case appear in the state court of appeals decision in *State v. Cortez*, 2016 WL 771326 (Licking Co. App. Feb. 26, 2016). That court stated:

> On January 9, 2009, appellant, John Cortez, pled guilty to twenty-three counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04, third degree felonies, and one count of corrupting another with drugs in violation of R.C. 2925.02, a second degree felony. By judgment entry filed same date, the trial court sentenced appellant to an aggregate term of sixteen years in prison. An appeal was not filed.
>
> On August 5, 2013, appellant filed a motion to present plain errors

>pursuant to Crim.R. 52(B), arguing in part the ineffective assistance of counsel, coercion to plead guilty, and sentencing errors. By judgment entry filed November 22, 2013, the trial court denied the motion, finding in part the motion was a petition for postconviction relief and was therefore untimely and was barred by the doctrine of res judicata. This decision was affirmed on appeal. *State v. Cortez*, 5th Dist. Licking No. 13–CA–121, 2014–Ohio–3814.
>
>On December 5, 2014, appellant filed a motion for resentencing, arguing his sentence was void because the trial court failed to notify him that his failure to pay court costs could subject him to community service, and the trial court failed to impose post-release control on each separate count. By judgment entry filed July 1, 2015, the trial court denied the motion, finding in part the motion was a petition for postconviction relief and was therefore untimely, and the failure to impose post-release control on each separate count did not have any "practical effect."

*Id*. at *1. That decision upheld the July 1, 2015 decision of the trial court, concluding that the motion which had been filed was properly characterized as a motion for post-conviction relief and that it was both untimely and barred by the doctrine of *res judicata* because all of those issues could have been raised on direct appeal.  It is also worth pointing out that Petitioner appealed the prior appellate court decision but his appeal was not allowed. *See State v. Cortez*, 142 Ohio St.3d 1411 (March 25, 2015). Additionally, the proceeding which led to that appeal did result in one favorable outcome - the trial court found that its classification of Petitioner as a Tier II sex offender was void.

The petition also refers to a more recent set of filings. According to the petition and the website for the Licking County courts, Petitioner made another filing in March, 2016 and claims to have received a new judgment entry on March 22, 2016, although he does not state the nature of that entry, did not attach a copy of it to his petition, and that entry does not appear on the website. He did, however, file a notice of appeal to the Fifth District

Court of Appeals on March 30, 2016, and a subsequent motion for leave to file a delayed appeal, which the appellate court denied on May 19, 2016, and which the Supreme Court of Ohio declined to review on September 30, 2016. Finally, Petitioner filed a motion for judicial release on September 26, 2016, which was also denied by the trial court.

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the

3

>pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

It is clear that the statute of limitations has run on Petitioner's claims. His conviction became final thirty days after he was sentenced on January 9, 2009, because he did not appeal. *See, e.g., Eberle v. Warden, Mansfield Corr. Inst.*, 532 Fed.Appx. 605 (6th Cir. Aug. 8, 2013). The limitations period began to run on February 8, 2009, and expired one year later. The petition filed in this case was signed on October 12, 2016, so it was more than six years late.

Petitioner may believe that because he filed the petition within one year of the latest Ohio Supreme Court decision on one of his later motions, he has satisfied the one-year limitations period. If he does assert that, he is incorrect. The fact that, after the limitations period expired, a state court defendant files a motion of some type in state court does not restart the limitations period; otherwise, a petitioner could avoid the statute of limitations altogether just by filing motions or appeals after the one-year period has elapsed. That is not permissible under federal law. *See Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *see also Wright v. Warden, Noble Correctional Institution*, 2016 WL 3746259, *5 (S.D. Ohio Feb. 11, 2016)*("Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar"), *adopted and affirmed* 2016 WL 3654463 (S.D. Ohio July 8, 2016).

It is true that if a motion filed by a state court defendant results in the imposition of a new sentence - even if the sentence is only a technical correction of an earlier error - the

4

limitations period begins anew. *See, e.g., Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016). Although Petitioner obtained some relief when he filed his first post-conviction motion, that relief was limited to voiding his classification as a Tier II sex offender. As the state court of appeals noted, even if a sex offender classification was improperly imposed, "the conviction and sentence are valid." *State v. Cortez*, 2014 WL 4377735, *1 (Licking Co. App. Sept. 3, 2014). This Court has similarly held that "[t]he sex offender classification proceedings under Megan's Law were determined by the Ohio Supreme Court to be civil in nature and are separate and distinct from an offender's underlying criminal conviction and sentence." *Bates v. Warden, Chillicothe Correctional Institution*, 2015 WL 5299454, *7 (S.D. Ohio Sept. 10, 2015). Consequently, there has been no alteration to Petitioner's conviction and sentence since the date it was entered, and the statute of limitations has long since run.

It is worth noting that even if the proceedings relating to the sex offender classification were considered part of the sentence, those proceedings concluded on March 25, 2015, when the Ohio Supreme Court declined to hear Petitioner's appeal. Even under the most generous calculation (*i.e.* adding 90 days to that date for the filing of a petition for a writ of *certiorari* to the United States Supreme Court), this petition was not filed within one year of June 25, 2015. Nothing else filed by Petitioner in the interim was timely, and untimely state court actions do not toll the running of the statute of limitations. *See Pace v. DiGuglielmo,* 544 U.S. 408 (2005). Consequently, this action is untimely.

### III. Recommended Disposition

For the reasons set forth above, the Court **RECOMMENDS** that this action be

**DISMISSED** as barred by the one-year statute of limitations found in 28 U.S.C. §2244(d).

## IV.  Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp

                                                United States Magistrate Judge