IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN F. CORTEZ,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:16-CV-00997
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On February 15, 2017, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). (ECF No. 2.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 3.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 3) is **OVERRULED**. The *Report and Recommendation* (ECF No. 2) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of this action as time-barred. According to Petitioner, in March 2016, the state trial court issued a new judgment in regard to his classification as a Tier II sex offender that re-started the running of the statute of limitations such that this action is timely, *see Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016)(*nunc pro tunc* correction of judgment to include mandatory post release controls sanctions constitutes new judgment of sentence that re-starts the running of the statute of limitations under § 2244(d)(1)(A)), particularly in view of the Ohio Supreme Court's decision in *State v. Williams*,

129 Ohio St.3d 344 (Ohio 2011), recognizing that the labeling of criminal defendant as a sex offender is punitive in nature.

This Court is not persuaded by Petitioner's argument. In *Williams*, the Ohio Supreme Court held that application of S.B. 10 to a sex offender who committed an offense prior to the enactment of S.B. 10 violated the Ohio Constitution's prohibition against retroactive laws. *Id*. at 349-350. Here, however, the trial court found that Petitioner had been improperly classified as a sexual offender, and that his classification was void. *See State v. Cortez*, No. 13-CA-121, 2014 WL 4377735, at *1 (Ohio App. 5th Dist. Sept. 3, 2014). Further, *Crangle* is consistent with a line of cases holding that, where a limited re-sentencing benefits the prisoner, such as that which occurred in this case, such sentence modification does not re-start the running of the statute of limitations. *Crangle v. Kelly,* 838 F.3d at 678 (citing *United States v. Jones*, 796 F.3d 483, 485 (5th Cir. 2015); *White v. United States*, 745 F.3d 834, 836–37 (7th Cir. 2014); *United States v. Olvera,* 775 F.3d 726, 729 (5th Cir. 2015); *Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011); *see also Reichert v. United States*, 101 Fed.Appx. 13, 14 (6th Cir. 2004); *see also Quillen v. Warden, Marion Correctional Inst*., 2013 WL 275973, at *10 (S.D. Ohio Jan. 24, 2013)(citing *Graham v. Smelser*, 422 F. App'x 705, 707–08 (10th Cir. 2011) (and cases cited therein); *Speller v. Johnson*, No. 3:09-cv-463, 2012 WL 1038624, at *4 & n .13, 9 n. 21); *Murphy*, 634 F.3d at 1312–13 (and cases cited therein). Petitioner was sentenced in January 2009, after the 2007 enactment of S.B. 10. Further, the state appellate court explicitly rejected Petitioner's argument that his entire sentence was void due to the trial court's invalidation of his sex offender classification:

> As noted by the trial court, only the classification portion of appellant's judgment is rendered void by *Williams, supra*; the conviction and sentence are valid. *State v. Bates*, 5th Dist. Guernsey No. 13 CA 9, 2013-Ohio-4768.

*Id.* Further, on March 25, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Cortez*, 142 Ohio St.3d 1411 (Ohio 2015). Nonetheless, Petitioner waited more than one and one half years later, until October 12, 2016, to execute this federal habeas corpus petition. Nothing in the record or on the docket of the Licking County Court of Common Pleas indicates that the trial court ever issued a new judgment entry of sentence that would re-start the running of the statute of limitations in this case. Applying 28 U.S.C. § 2244(d)(1)(A), the statute of limitations commenced in February 2009, when the time period expired to file an appeal. It expired one year later. Petitioner waited six years after the statute of limitations expired to execute this habeas corpus petition. His subsequent state court filings did not toll the running of the statute of limitations under § 2244(d)(2), as he filed such actions long after the statute of limitations had already expired. As discussed, neither the correction of a clerical error nor Petitioner's classification as a sexually oriented offender creates a new judgment that re-starts the running of the statute of limitations with regard to Petitioner's claims on his underlying convictions. *See Bates v. Warden, Chillicothe Correctional Institution*, No. 2:14-cv-01325, 2015 WL 5299454, at *7 (S.D. Ohio Sept. 10, 2015)(citing *Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007) (designation as a sexual predator does not re-start the running of the statute of limitations period with respect to challenges to the underlying conviction); *King v. Bunting*, No. 1:13CV250, 2014 WL 2864422, at *9 (N.D. Ohio June 24, 2014)("Restarting the AEDPA statute of limitations after a resentencing to correct technical sentencing errors...would undermine the provisions of the AEDPA and resurrect claims that could have been raised years earlier") (citing *Eberle v. Warden*, 532 Fed.Appx. 605, 610 (6th Cir. 2013) (not every modification that can be made to a sentence automatically re-starts the limitations period). Additionally, the record fails to reflect that establish that Petitioner diligently pursued his rights and that some extraordinary

circumstance prevented him from timely filing such that equitable tolling of the statute of limitations would be appropriate. *Holland v. Florida*, 560 U.S.641, 649 (2010) (citing *Pace,* 544 U.S. at 418)).

For all of the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 3) is **OVERRULED.** The *Report and Recommendation* (ECF No. 2) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

**IT IS SO ORDERED**.

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge

Dated: May 1, 2017